UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL URIARTE-LIMON,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAESUNG INVESTMENT LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 25cv187-LL-AHG<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIM** |

　　　The complaint in this action asserts one claim under federal law for violation of the Americans with Disabilities Act ("ADA"), along with a claim for violation of California's Unruh Act. ECF No. 1. The complaint asserts jurisdiction in federal court based on the existence of a federal question ("the ADA claim") and supplemental jurisdiction over the state claim. *Id.* ¶¶ 7-8. Because (1) Plaintiff's state law claim predominates over his federal claim under the ADA, and (2) the interests of comity and discouraging forum shopping constitute exceptional circumstances, the Court notified Plaintiff that it is disinclined to exercise supplemental jurisdiction over claim two in the complaint and ordered Plaintiff to show cause why the Court should not dismiss that claim. Plaintiff has responded to the order to show cause, but he has not persuaded the Court why it should retain supplemental jurisdiction over the state law claim.

　　　In his response, Plaintiff concedes that he is a high-frequency litigant, but he claims

that his lawsuits are not "abusive" and that it would be most efficient to have his ADA claim and Unruh Act claim heard in the same court. Plaintiff does not, however, explain why he asserts an ADA claim in addition to the Unruh Act claim. Indeed, "every violation of the ADA in California is automatically a violation of the Unruh Act," *Arroyo v. Rosas*, 19 F.4th 1202, 1206 (9th Cir. 2021), and the Unruh Act provides for the same injunctive relief as the ADA, so the ADA claim here is superfluous with respect to Plaintiff's stated goal of requiring the defendant to remedy any non-ADA-compliant aspects of its property. Thus, the denial of supplemental jurisdiction over Plaintiff's Unruh Act claim does not require him to maintain separate lawsuits to obtain the full relief he seeks here. Rather, if Plaintiff files a lawsuit in state court under the Unruh Act, the continued prosecution of the instant lawsuit under the ADA would be duplicative.

In light of the foregoing, and for all of the reasons set forth in the order to show cause, the Court finds that the Unruh Act claim substantially predominates over the ADA claim under § 1367(c)(2), and that "the situation presented here involves 'exceptional circumstances' within the meaning of § 1367(c)(4)." *Arroyo*, 19 F.4th at 1212. Accordingly, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim. Claim two in the complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiff asserting that claim in state court.

**IT IS SO ORDERED**.

Dated: February 14, 2025

_____
Honorable Linda Lopez
United States District Judge